**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                       Case No:   6:17-cr-00260-PGB-DAB

**IAN CHRISTOPHER WYATT,**

      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:**   **MOTION FOR RETURN OF PROPERTY UNDER RULE 41(g) (Doc. No. 106)**
>
> **FILED:**     **June 13, 2022**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

In 2018, Defendant Ian Christopher Wyatt was convicted pursuant to a plea agreement of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Doc. No. 40. In his plea agreement, Defendant agreed to forfeit a generic black desktop computer with four hard drives because they were assets used to commit the offense of conviction. *Id.* at 6. The Government previously had seized these

devices and other electronic devices pursuant to a search warrant of Defendant's home. In addition to the forfeited devices, the Government also had seized the following devices from Defendant:

1. LG smartphone, serial no. 408KPYR287938 (Item 1);
2. Dell Venue 8 Protablet (Item 2);
3. Hard drive, serial no. WMAT11029309 (Item 3);
4. Hard drive, serial no. 5ND0VVR2 (Item 4);
5. Mario laptop, serial no. 51011309AAAOOO45 (Item 6); and
6. HP Compaq Presario CQ61, serial no. CNF9493J12 (Item 7).

Doc. No. 108 at 1-2.

On June 13, 2022, Defendant filed a Motion for Return of Property Under Rule 41(g) (the "Motion"). Doc. No. 106. In the Motion, Defendant requests the return of the following: (1) "[t]he laptop computer named 'Chromebook Mario'" and (2) "[a] collection of personal digital photographs contained on a compressed electronic file named 'Old_Photos.7z', located in the seized hard drives." Doc. No. 106 at 1.

On June 24, 2022, the Government responded to the Motion, opposing in part Defendant's Motion. Doc. No. 108. In its response, the Government does not object to the return of Items 1, 3, 4, and 7 listed above, but it does object to the return of Items 2 and 6 (the Dell Venue Protablet and the Mario laptop) to Defendant. According to the Government, "[d]uring the investigation, the FBI was unable to access either device because the password was unknown and any

attempts to bypass the password requirement were unsuccessful." *Id.* at 3. "As such, the FBI has not had the opportunity to determine whether the devices contain contraband," so the Government "opposes the return of any property to the defendant without confirmation that it does not contain contraband." *Id.* at 3-4. "In the event that the defendant provides the password or otherwise provides access to the devices to enable the FBI to examine the devices for contraband, the United States would consent to the return of any devices that the FBI can confirm has no contraband." *Id.* at 4.

On July 11, 2022, Defendant filed a reply to the Government's response. Doc. No. 111. He points out that, although he agreed to forfeit his desktop computer and internal hard drives, the plea agreement did not delineate the remaining items as property used in the commission of a crime. *Id.* at 1.

> Simply stating that the FBI cannot access the unencrypted file system of the Dell Protablet (Item 2) and the "Mario Laptop" (Item 6) after the passwords were given during the execution of the search warrant and not following up with the Defendant on any access issues for over five years shows a severe lack of due diligence or real interest in the property. As such, the United States must use the passwords in their possession or concede the return of the property.

*Id.* at 2.

It is recommended that the Motion be granted. Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive

> evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "When an individual moves for return of his property under Rule 41(g) after the close of criminal proceedings, the motion is treated as a civil action in equity." *United States v. Cobb*, 703 F. App'x 879, 882 (11th Cir. 2017) (per curiam) (citing *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005)). "To prevail, he must show a possessory interest in the property seized and that he has 'clean hands.'" *Id.* (citing same). "The movant is presumed to have a right to an item's return, so the Government must demonstrate it has a legitimate reason to retain the property." *Id.* at 883 (citing *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001)). "The district court has discretion to determine whether the Government has made the necessary showing." *Id.* (citing same).

Here, the Government cites no authority for retaining seized property on the basis of an unsupported suspicion that the seized property contains contraband. Further, Defendant has stated that he provided the passwords to the devices during the execution of the search warrant, and the Government has had adequate opportunity to examine the Protablet and the Mario laptop.

Accordingly, it is hereby **RECOMMENDED** that the Motion (Doc. No. 106) be **GRANTED** and that the Government be **DIRECTED** to return the seized property (Items 1, 2, 3, 4, 6, and 7 as listed above) to Defendant's designee as

designated in Defendant's reply (Doc No. 111 at 2). The Government shall obtain a signed receipt.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on July 26, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties